IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **I N D I C T M E N T** |
| | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | Violation: 21 U.S.C. §§ 846 and 853; |
| | ) | and 18 U.S.C. §§ 924(c)(1)(A) and 2 |
| MANUEL CUEVAS-ALONSO, | ) | |
| a/k/a ROBERTO RODRIGUEZ; | ) | |
| a/k/a CHANGO; | ) | |
| ISIDRO ALVARADO; | ) | |
| SCOTT STEVEN RAZMYSLOWSKI; | ) | |
| JOSHUA ALLEN HULST; and | ) | |
| FRAENCHOT DEON BANKS | ) | |

COUNT ONE

**Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances**

The Grand Jury Charges:

From in or about January 2009 and continuously through the date of this Indictment, in the District of North Dakota, Minnesota, and elsewhere,

MANUEL CUEVAS-ALONSO, a/k/a ROBERTO RODRIGUEZ, a/k/a CHANGO;
ISIDRO ALVARADO;
SCOTT STEVEN RAZMYSLOWSKI;
JOSHUA ALLEN HULST; and
FRAENCHOT DEON BANKS

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; in excess of

5,000 grams (5 kilograms) of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; marijuana, a Schedule I controlled substance; and ecstacy (3,4-methylenedioxy-methamphetamine - MDMA), a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that on or about October 16, 2009, SCOTT STEVEN RAZMYSLOWSKI sold a mixture and substance containing detectable amount of marijuana, a Schedule I controlled substance, in Crookston, Minnesota;

2. It was further a part of said conspiracy that on or about December 10, 2009, SCOTT STEVEN RAZMYSLOWSKI sold a mixture and substance containing detectable amount of marijuana, a Schedule I controlled substance, in Crookston, Minnesota;

3. It was further a part of said conspiracy that on or about September 1, 2010, JOSHUA ALLEN HULST sold a mixture and substance containing a detectable amount of ecstacy, a Schedule I controlled substance, in Crookston, Minnesota;

4. It was further a part of said conspiracy that on or about September 24, 2010, JOSHUA ALLEN HULST sold a mixture and substance containing a detectable amount cocaine, a Schedule II controlled substance, in Crookston, Minnesota;

5. It was further a part of said conspiracy that on or about November 3, 2010, SCOTT STEVEN RAZMYSLOWSKI sold a mixture and substance containing detectable amount of cocaine, a Schedule II controlled substance, in Crookston, Minnesota;

6. It was further a part of said conspiracy that on or about November 16, 2010, SCOTT STEVEN RAZMYSLOWSKI sold a mixture and substance containing detectable amount of cocaine, a Schedule II controlled substance, in Crookston, Minnesota;

7. It was further a part of said conspiracy that on or about November 23, 2010, JOSHUA ALLEN HULST sold a mixture and substance containing detectable amount of cocaine, a Schedule II controlled substance, in Crookston, Minnesota;

8. It was further a part of said conspiracy that SCOTT STEVEN RAZMYSLOWSKI and JOSHUA ALLEN HULST did possess with intent to distribute in excess of 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; marijuana, a

Schedule I controlled substance; and ecstacy, a Schedule I controlled substance, on December 10, 2010, in Grand Forks, North Dakota;

9. It was further a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the state of Minnesota and elsewhere;

10. It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

11. It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities; and

12. It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

In violation of Title 21, United States Code, Section 846; <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

## COUNT TWO

**Possession of a Firearm in Furtherance of Drug Trafficking Crime**

The Grand Jury Further Charges:

In or about December 10, 2010, in the District of North Dakota, and elsewhere,

SCOTT STEVEN RAZMYSLOWSKI

did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: conspiracy to possess with intent to distribute and distribute controlled substances, as set forth in Count One above;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

COUNT THREE

**Possession of a Firearm in Furtherance of Drug Trafficking Crime**

The Grand Jury Further Charges:

In or about December 10, 2010, in the District of North Dakota, and elsewhere,

JOSHUA ALLEN HULST

did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: conspiracy to possess with intent to distribute and distribute controlled substances, as set forth in Count One above;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## Forfeiture Allegation

The Grand Jury Further Finds Probable Cause That:

Upon the conviction of defendants MANUEL CUEVAS-ALONZO, a/k/a ROBERTO RODRIGUEZ, a/k/a CHANGO; ISIDRO ALVARADO; and FRAENCHOT DEON BANKS of any one of the controlled substance offenses alleged in Count One, in violation of Title 21, United States Code, Section 846,

MANUEL CUEVAS-ALONSO, a/k/a ROBERTO RODRIGUEZ, a/k/a CHANGO;
ISIDRO ALVARADO;
SCOTT STEVEN RAZMYSLOWSKI;
JOSHUA ALLEN HULST; and
FRAENCHOT DEON BANKS

shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the violations and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violations alleged in Count One of this Indictment, including, but not limited to, the following:

$39,100 in United States currency

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above;

In violation of Title 21, United States Code, Section 853.

A TRUE BILL:

/s/ Grand Jury Foreperson

Foreperson


/s/ Timothy Q. Purdon
TIMOTHY Q. PURDON
United States Attorney


CCM:ld