IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,              )<br>                                                        )<br>            Plaintiff,             )<br>                                                        )<br>    vs.                                              )<br>                                                        )<br>Fraenchot Deon Banks,               )<br>                                                        )<br>            Defendant.           )   | **ORDER DENYING MOTION<br>TO REDUCE SENTENCE**<br><br>Case No. 2:11-cr-4-5 |

Before the Court is Defendant Fraenchot Deon Banks's motion to reduce sentence filed on May 8, 2020. Doc. No. 365. The Government responded in opposition to the motion on May 20, 2020. Doc. No. 366. Banks seeks a reduction in his sentence to time served based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018 ("FSA"). For the reasons below, the motion is denied.

## I.     BACKGROUND

On February 23, 2011, a superseding indictment was filed charging Banks with conspiracy to possess with intent to distribute and distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Doc. No. 69. On March 4, 2011, the Government filed an information to establish a prior conviction for an enhanced sentence pursuant to 21 U.S.C. § 851(a)(1), thereby subjecting Banks to a mandatory minimum of 20 years' imprisonment. Doc. No. 76. On November 10, 2011, a jury found Banks guilty of the indicted offense. Doc. No. 211. The Court[1] sentenced Banks to 20 years' imprisonment on February 27, 2012. Doc. No. 251.

---

[1] The Honorable Ralph R. Erickson, then Chief Judge of the United States District Court for the District of North Dakota, now Circuit Judge of the United States Court of Appeals for the Eighth Circuit.

The Bureau of Prisons ("BOP") placed Banks at FPC Duluth. Now 52 years old, Banks has a projected release date of April 12, 2029. Banks claims to have high blood pressure, asthma, sleep apnea, ulcers, colitis, blurred vision, untreated chest pains, and possible heart disease. Doc. No. 365, p. 9. Banks did not attach any medical records to his motion other than information sheets for four medications he takes: hydrochlorothiazide (for high blood pressure), omeprazole (for ulcers), atorvastatin (for high cholesterol, high triglycerides, or heart disease), and aspirin.[2] Doc. No. 365-10. However, Banks's 2012 presentence investigation report largely confirms his health claims. Doc. No. 244, ¶ 88.

Banks's fiancée Dawn Slaughter sent a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) to the warden at FPC Duluth on Banks's behalf, which was received on April 30, 2020. Doc. Nos. 366-1. As of May 11, 2020, the warden had not acted on Banks's request. Id.

## II.   DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). As one narrow exception to that rule, a court "may reduce the term of imprisonment" when "extraordinary and compelling reasons" exist and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission."[3] 18 U.S.C. § 3582(c)(1)(A)(i). The 18 U.S.C. § 3553(a) factors also must support

---

[2] In his motion, Banks states that he was recently taken off his high blood pressure medication because "the doctor stated that [his] blood pressure is only a little high." Doc. No. 365, p. 9. He also lists two medications that are not reflected in the attached medicine information sheets: an albuterol inhaler and nitroglycerin in case of an emergency heart issue. Id.

[3] In lieu of extraordinary and compelling reasons, the statute also permits a sentence reduction where a defendant is at least 70 years old and certain additional conditions are met. See 18 U.S.C. § 3582(c)(1)(A)(ii). Banks is 52 years old, so this avenue for relief is foreclosed.

the reduction.  Id.  The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant.  See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

      **A.**     **Administrative Exhaustion**

Previously, only the BOP Director possessed the authority to bring a compassionate release motion on a defendant's behalf.  With the enactment of the FSA, however, Congress has now permitted courts to grant compassionate release "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

At the time Banks filed this motion, less than 30 days had lapsed from the time the warden at FPC Duluth received his compassionate release request.  Nonetheless, the issue is moot because more than 30 days have now passed.  Dismissing the motion without prejudice for failure to comply with the statute's exhaustion regime would be a meaningless exercise considering Banks could simply refile an identical motion today in compliance with the 30-day waiting requirement.  Therefore, the Court will proceed to the merits.

      **B.**     **Extraordinary and Compelling Reasons**

The compassionate release statute does not define what constitutes "extraordinary and compelling reasons."  Instead, Congress has dictated that the Sentencing Commission, through a policy statement, "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including . . . a list of specific examples."  28 U.S.C. § 994(t).  To meet its statutory obligation, the Commission has promulgated USSG § 1B1.13.  The policy statement itself largely mirrors the compassionate release statute's language.  See USSG § 1B1.13(1)-(3).

More pertinent here is Application Note 1 to the policy statement. So long as a defendant does not pose "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," the Application Note delineates four instances that demonstrate extraordinary and compelling reasons for compassionate release. USSG § 1B1.13(2); id. app. n.1. The first three circumstances set out in subdivisions (A) through (C) pertain to a defendant's medical condition, age, or family circumstances, respectively. See id. app. n.1(A)-(C). Subsection (D)—the catch-all provision—authorizes a sentence reduction when "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than . . . the reasons described in subdivisions (A) through (C)." Id. app. n.1(D). Banks's motion appears to rest on subdivision (D).

The Sentencing Commission, currently lacking a quorum, has yet to update § 1B1.13 since Congress amended § 3582(c)(1)(A). The policy statement still contemplates a motion for compassionate release originating solely from the BOP Director—clearly no longer the case. See USSG § 1B1.13. Seizing on this vacuum, several district courts have concluded that the discretion vested in the BOP Director under the catch-all provision now belongs coextensively to federal judges. See, e.g., United States v. Fox, Criminal No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); United States v. Beck, 1:13-CR-186-6, 2019 WL 2716505, at *5-6 (M.D.N.C. June 28, 2019); United States v. Cantu, Criminal Action No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019). Other district courts disagree. See, e.g., United States v. Lynn, CRIMINAL NO. 89-0072-WS, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13, 2019); United States v. Gutierrez, No. CR 05-0217 RB, 2019 WL 2422601, at *2-3 (D.N.M. June 10, 2019); United States v. Shields, Case No. 12-cr-00410-BLF-1, 2019 WL 2359231, at *4 (N.D. Cal. June 4, 2019). Indeed, this Court recently determined that § 3582(c)(1)(A)'s plain language

4

mandates adherence to the policy statement as written. United States v. Rivera, Case No. 1:16-cr-00239, Doc. No. 61 (D.N.D. Nov. 25, 2019). Nevertheless, even assuming arguendo that the Court possesses the authority to find other extraordinary and compelling reasons for purposes of this motion, Banks does not meet the burden to demonstrate that such reasons exist here.

While sympathetic to Banks's concern regarding the effects of COVID-19 in the federal prison system, the Court does not find that his circumstances clear the high bar necessary to warrant a sentence reduction. As the Third Circuit Court of Appeals recently commented, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). District courts have concluded similarly. See, e.g., United States v. Eberhart, Case No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. . . .").

It is possible that some of Banks's preexisting medical conditions may place him at higher risk of developing complications from COVID-19, though to what extent is unclear given the dearth of medical records.[4] See People Who Are at Higher Risk for Severe Illness, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-

---

[4] Specifically, the severity of Banks's asthma and the nature of his possible heart disease are unknown. In addition, at this time, "[t]he relationship between hypertension and elevated risk from COVID-19 is not fully understood." United States v. Rodriguez, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *7 n.15 (E.D. Pa. Apr. 1, 2020). According to guidance from the Centers for Disease Control, a rare form of hypertension—pulmonary hypertension—may put individuals at higher risk for severe illness, but regular hypertension alone likely does not constitute a risk factor. At Risk for Severe Illness, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited June 12, 2020); Frequently Asked Questions: COVID-19 and Hypertension, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/faq.html (last visited June 12, 2020).

higher-risk.html (last visited June 12, 2020) (identifying "moderate to severe asthma" and "serious heart conditions" as risk factors).  It appears, however, that Banks has been dealing with his current health conditions for an extended period of time, and he provides no evidence how his various ailments cannot be adequately treated by the facility.  See United States v. Ramos, No. 14 Cr. 484 (LGS), 2020 WL 1685812, at *2 (S.D.N.Y. Apr. 7, 2020) (denying compassionate release for a 41-year-old chronic and severe asthmatic where medical records showed no new asthma attacks and condition being treated by BOP);  United States v. Gileno, No. 3:19-cr-161-(VAB)-1, 2020 WL 1307108, at *4 (D. Conn. Mar. 19, 2020) (denying compassionate release for a defendant with high blood pressure, high cholesterol, asthma, and allergies, noting that the defendant had "not shown that the plan proposed by the Bureau of Prisons is inadequate to manage the pandemic within [the defendant's] correctional facility, or that the facility is specifically unable to adequately treat [the defendant]").

Further, the BOP has undertaken an extensive response effort to prevent and mitigate the spread of COVID-19 in its facilities, including screening, visitation, and social distancing measures.  See BOP Implementing Modified Operations, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited June 12, 2020).  FPC Duluth has so far been successful implementing the BOP's COVID-19 Modified Operations Plan, having yet to report a confirmed case among both inmates and staff.  See BOP: COVID-19 Update, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited June 12, 2020). Accordingly, Banks's assertions regarding the risk of contracting COVID-19 while incarcerated do not present an extraordinary and compelling reason for a sentence reduction.

### III.  CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, Banks's motion to reduce sentence (Doc. No. 365) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 12th day of June, 2020.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court
